IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONALD LEE ZAPARA and DEBORAH ZAPARA, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITIMORTGAGE, INC., <br><br> *Defendant*. | § § § § § § § § § § § § § <br> Civil Action No.  SA-16-CV-026-XR |

## ORDER

On this day, the Court considered the Defendant's Motion to Dismiss (docket no. 5). After careful consideration, the Court will GRANT the motion.

## BACKGROUND

Plaintiffs Deborah Zapara and Donald Lee Zapara (the "Zaparas") filed suit in the 45th Judicial District Court in Bexar County, Texas, on December 30, 2015.  Docket no. 1-2.  The Application states that the Zaparas are the "record owners" of "CB 4494A, BLK 1, LOT 33, Retablo Ranch Sub Division, Unit 2, A Planned Unit Development Bexar County Texas, According to Plat thereof recorded in Volume 9543, Pages 60 and 61 of the Map and Plat Records of Bexar County, Texas" (the "Property").  *Id.* at 1.  CitiMortgage, Inc. ("CitiMortgage"), W. A. Marty LaCouture, and Carl Gilson are named as Defendants.

CitiMortgage is the mortgagee of the deed of trust lien against the Property securing payment of a promissory note in the amount of $380,464.  Docket no. 5 at 2.  CitiMortgage accelerated the debt and noticed the Property for non-judicial foreclosure.  Docket no. 1 at 1.

1

LaCouture and Gilson were the Substitute Trustees under the Notice of Trustee's Sale of the Property, which was scheduled for January 5, 2016. *Id.* at 3. The Application requests a Temporary Restraining Order and other injunctive relief. Docket no. 1-2 at 3. The state court granted the ex parte Temporary Restraining Order on December 30, 2015. Docket no. 1-4 at 3.

On January 12, 2016, CitiMortgage removed the case to federal court, invoking this Court's diversity jurisdiction. Docket no. 1 at 2. CitiMortgage filed its Motion to Dismiss on February 5, 2016. Docket no. 3. No Response to the Motion to Dismiss was filed and the time for doing so has expired. Per Local Rule 7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). Given that the Zaparas did not file a response, the local rule permits this Court to grant CitiMortgage's motion as unopposed. Nonetheless, the Court will independently examine the merits of the motion.

## STANDARD OF REVIEW

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

## DISCUSSION

### I.  Substitute Trustee Defendants

Before the Court examines the merits of CitiMortgage's Motion to Dismiss, circumstances warrant an investigation of the Court's subject-matter jurisdiction over this case. Although Plaintiff has not contested jurisdiction or filed a motion to remand, the Court has "a continuing obligation to examine the basis for [its] jurisdiction" and may raise the issue *sua sponte* at any time. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Here, CitiMortgage removed the case based on diversity jurisdiction. Docket no. 1 at 2. The Zaparas are undisputedly citizens of Texas. Docket no. 1 at 2. CitiMortgage is a New York corporation with its principal place of business in O'Fallon, Missouri. *Id.* Therefore, it is a citizen of New York and Missouri. *See* 28 U.S.C. § 1332(c)(1). Since the Zaparas seek to enjoin a foreclosure sale, the amount in controversy is the value of the Property. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in

which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). The Property has a fair market value of approximately $703,250. Docket No. 1–9 at 2. Thus, the Court has subject-matter jurisdiction, pursuant to diversity jurisdiction, if Defendants LaCouture and Gilson are either non-citizens of Texas or if they were improperly joined. *See* 28 U.S.C. § 1332(a)(1). Neither CitiMortgage nor the Zaparas provide the Court information about LaCouture or Gilson's citizenship. However, CitiMortgage argues that even if they are citizens of Texas, they are improperly joined. Docket no. 1 at 3.

Improper joinder can be shown by "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). CitiMortgage has not alleged actual fraud; thus, the only relevant inquiry is whether the Zaparas can establish a cause of action against LaCouture or Gilson. Alternatively, this inquiry can be stated as whether "there is no reasonable basis for the district court to predict that [the Zaparas] might be able to recover against [LaCouture or Gilson]." *Id.* To make this prediction, the Court may "conduct a Rule 12(b)(6)-type analysis." *Id.*

Here, the Rule 12(b)(6)-type improper joinder analysis conclusively shows that the Zaparas have not stated—or even attempted to state—a cause of action against either LaCouture or Gilson; therefore, the two Defendants should be dismissed. The Zaparas' state court Application simply states that LaCouture and Gilson were the named Substitute Trustees at the scheduled sale. Docket no.1-2 at 3. Nowhere does the Application attempt to allege any wrongdoing by either LaCouture or Gilson, or even state any facts about actions taken by

either of them.  Furthermore, the Zaparas have not listed either LaCouture or Gilson as defendants in the style of the case.  Therefore, the Court finds that the Zaparas are not pursuing claims and cannot establish causes of action against either LaCouture or Gilson.  *See* Fed. R. Civ. P. 8(a) ("[A] claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [ ] and [ ] a demand for the relief sought.").  Accordingly, LaCouture and Gilson were improperly joined.  *Smallwood*, 385 F.3d at 573.

Since LaCouture and Gilson were improperly joined, the Court dismisses them from the lawsuit pursuant to Federal Rule of Civil Procedure 21.  *See Akerblom v. Ezra Holdings Ltd.*, 509 Fed. Appx. 340, 347 (5th Cir. 2013).  As a result, the Court has subject-matter jurisdiction over this case.

## II.  Motion to Dismiss

Now, the Court must examine the merits of CitiMortgage's Motion to Dismiss.  In its Motion to Dismiss, CitiMortgage argues that this case should be dismissed because the Zaparas have failed to identify any cause of action.  Docket no. 5 at 1.  The Court agrees.

The Zaparas' state court Application does not state any cause of action.  Rather, the Zaparas simply allege "that there are impediments to the sale and accounting relating to the amounts owed or reinstatement amounts" and that these impediments "should prevent foreclosure of the home."  Docket no. 1-2 at 3.  They request that the state court enter a Temporary Restraining Order preventing CitiMortgage from foreclosing on the Property and both Temporary and Permanent Injunctions preventing CitiMortgage from ever attempting to foreclose in the future.  *Id.*

Declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) (noting that declaratory relief is a procedural device for granting a remedy and does not create any substantive rights or causes of action); *Pajooh v. Harmon,* 82 F. App'x 898, 899 (5th Cir. 2003) (affirming a district court's denial of injunctive relief when a plaintiff failed to state a claim). The Application alleges no facts that would show wrongdoing by CitiMortgage, and by failing to state a cause of action, the Zaparas have not provided a short and plain statement showing that they are entitled to the declaratory or injunctive relief they seek. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. Accordingly, CitiMortgage's motion to dismiss for failure to state a claim is granted. *See* Fed. R. Civ. P. 12(b)(6).

Nevertheless, the Zaparas received a Temporary Restraining Order from the state court, which has since expired. *See* Tex. R. Civ. P. 680 ("Every temporary restraining order . . . shall expire by its terms within such time after signing, not to exceed fourteen days."). Therefore, to provide the Zaparas an opportunity to allege facts and to specify the cause or causes of action they wish to pursue, the Court grants the Zaparas the opportunity to replead their claim, pursuant to federal pleading standards. *See* Fed. R. Civ. P. 8; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

## CONCLUSION

The Court finds that Plaintiffs Donald and Deborah Zapara have failed to state a claim on which relief can be granted as they have failed to allege any cause of action. Defendant CitiMortgage, Inc.'s Motion to Dismiss (docket no. 5) is GRANTED without prejudice to the Zaparas filing an amended complaint. Plaintiffs are directed to file an amended complaint on or before **March 15, 2016**, specifying the cause or causes of action upon which they believe they are entitled to relief and sufficient factual matter to state a claim to relief that is plausible on its face. **If the Plaintiffs fail to file an amended complaint by that date, the Court will dismiss this case with prejudice.**

Furthermore, the status conference set in this case for March 3, 2016, at 10:30 a.m. is hereby cancelled. The Court will reset a status conference at a later date if Plaintiffs file an amended complaint.

It is so ordered.

SIGNED this 1st day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE